

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*



*Connecticut Financial Center*    *(203)821-3700*
*157 Church Street, 25th Floor*    *Fax (203) 773-5376*
*New Haven, Connecticut 06510*    *www.justice.gov/usao/ct*

January 27, 2020

Dan E. LaBelle, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

    Re:    United States v. McClain & Co.
           Case No. 3:20CR 13 (SRU)

Dear Attorney LaBelle:

    This letter confirms the plea agreement between your client, McClain & Co. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

    In consideration for the benefits offered under this agreement, the defendant agrees to waive indictment and to plead guilty to a one-count information charging a violation of 29 U.S.C. § 666(g).

    The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant made a statement, representation, or certification;
2. The statement, representation, or certification was false;
3. The defendant acted knowingly; and
4. The statement, representation, or certification was in an application, record, report, plan, or other document filed or required to be maintained pursuant to Chapter 15 of Title 29 of the United States Code, that is, the Occupational Safety and Health Act.

*Dan LaBelle, Esq.*
*Page 2*

## THE PENALTIES

### Probation

This offense carries a maximum term of probation of not more than 5 years.

### Fine

This offense carries a maximum fine of $10,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $10,000; or (4) the amount specified in the section defining the offense, which is $10,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $50 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

### Stipulation

The defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the characteristics that may be considered by the Court for the purposes of sentencing. 18 U.S.C. § 3553. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government is obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

## JOINTLY RECOMMENDED SENTENCE

Because the offense of conviction is a Class B misdemeanor, the Sentencing Guidelines do not apply. See U.S.S.G. § 1B1.9.

The parties jointly recommend that the defendant be sentenced to a term of probation of 3 years and a $10,000 fine. The defendant retains its right to seek early termination of probation in accordance with the applicable law, and the Government reserves its right to take any position it deems appropriate at the time such a request is made. The defendant notes that it may request early termination if, during any term of probation, the Federal Highway Administration releases McClain & Co. from all monitoring or other compliance requirements.

The Government will not oppose a request by the defendant for an expedited pre-sentence report. As part of the presentence investigation, the parties will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and the Government will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that it is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a magistrate judge with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if it pleads guilty, the Court may ask the defendant questions about each offense to which it pleads guilty, and if the defendant answers those questions falsely under oath, on the record, and in the presence of counsel, those answers may later be used against it in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of

*Dan LaBelle, Esq.*
*Page 4*

limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances it is entitled to challenge its conviction. By pleading guilty, the defendant waives its right to appeal or collaterally attack its conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims it might raise, the defendant waives its right to challenge its conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, it is entitled to challenge its sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed a fine of $10,000, a term of probation of not more than 48 months, and a $50 special assessment. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that it is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights it may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

*Dan LaBelle, Esq.*
*Page 5*

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending, or which may arise involving it.

## COLLATERAL CONSEQUENCES

The defendant understands that it will be adjudicated guilty of the offense to which it has pleaded guilty. The defendants understand that the Government reserves the right to notify any state or federal agency by which it is licensed, or with which it does business, of the fact of this conviction.

## SUSPENSION OR DEBARMENT CONSEQUENCES OF PLEA

The defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Attorney's Office for the District of Connecticut, based upon the conviction resulting from this plea agreement, and that this plea agreement in no way controls what action, if any, other agencies may take. The defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of McClain & Co.'s participation in the conduct which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

After sentencing, the Government will move to dismiss counts One through Five of the Superseding Indictment against Daniel McClain with prejudice.

*Dan LaBelle, Esq.*
*Page 6*

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Nancy V. Gifford*
NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had ample time to discuss this agreement and its attachment(s) with counsel and that it fully understands and accepts its terms.

*/s/*                                                                                  1/27/20
MCCLAIN & CO. Inc.,                                              Date
The Defendant
By Gayle McDonald
Duly Authorized

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

*/s/*                                                                                  1/27/20
DAN E. LABELLE, ESQ.                                        Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

At all times relevant to the Information, defendant McClain and Company (the "Company") was a corporation organized and operating under the laws of the Commonwealth of Virginia. As part of its business, the Company rented and leased bridge access equipment to engineering companies and government agencies for use on bridge inspection and bridge maintenance projects. The Company also provided Under Bridge Inspection ("UBI") vehicles and operators to various state departments of transportation and bridge inspection engineering firms under federal aid contracts including multiple contracts with the Connecticut Department of Transportation.

During the period set forth in the Information, Kenneth Mix was an employee of McClain & Co. serving in various capacities, including as the Equipment Supervisor responsible for the maintenance and inspection of the Company's vehicles. At all times relevant to the Information, Mix acted as an agent of the Company within the scope of his employment.

On or about August 26, 2015, the Occupational Safety and Health Administration opened a workplace fatality investigation into the death of one of the Company's employees in Connecticut. Between August 31, 2015 and October 26, 2015, in response to requests by OSHA, the Company and Mix knowingly made and aided, abetted and caused to be made, a false statement, representation or certification in a report or other document filed with OSHA in Connecticut.

In particular, the Company and Mix knowingly made and aided, abetted and caused to be made, a false statement, representation and certification to OSHA that the UBI vehicle involved in the workplace fatality had been examined by a third party on January 9, 2013, January 28, 2014 and January 27, 2015 and that the inspections met the requirements of American National Standards Institute Standard 92.8, knowing that the UBI vehicle was not inspected by a third party on those dates.

The Government takes no position on the whether the fatal accident was causally related to any deficiency in McClain & Co.'s inspection program.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional information to the Court in connection with sentencing.

MCCLAIN & CO.
The Defendant
By Gayle McDonald, Duly Authorized

DAN E. LABELLE, ESQ.
Attorney for the Defendant

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663 as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614.